In the Matter of the Judicial Settlement of the Account of Proceedings of ELIZA J. ARKENBURGH, as Executrix, and OLIVER M. ARKENBURGH, as Executor, etc., of ROBERT H. ARKENBURGH, Deceased. No. 2.

OLIVER M. ARKENBURGH, as Executor, etc., of ROBERT H. ARKENBURGH, Deceased, Appellant; ELIZA J. WIGGINS and Others, Respondents.

*Executors and administrators — promising in open court to file a supplemental account dispenses with the entry and service of the order requiring it — power of the Surrogate's Court to require it, in a pending accounting — amending an order nunc pro tunc — jurisdiction acquired of a non-resident by his appearance — action in the Supreme Court to settle accounts is concurrent with that of the Surrogate's Court.*

After an executor had accounted up to a certain date, an order was made on November 16, 1895, in open court, requiring him to file a supplemental account on or before November 30, 1895, the executor appearing by counsel and orally stipulating to do so. This order was not entered or served until December 13, 1895.

Subsequently, upon the petition of a legatee, a motion was made to vacate the letters issued to the executor, upon the ground that he had, within the meaning of subdivision 3 of section 2685 of the Code of Civil Procedure, "willfully refused, or, without good cause, neglected to obey any lawful direction

of the surrogate contained in a decree or order, or any provision of law relating to the discharge of his duty," and on April 13, 1896, an order was made that his letters be revoked unless he filed a supplemental account within ten days after service of such order of April thirteenth.

*Held,* that the latter order was proper;

That inasmuch as the executor had appeared by counsel and had orally promised in open court to file his account on or before November 30, 1895, he could not thereafter take the position that the order of November 16, 1896, was ineffectual, because it was not entered or served until the 13th day of December, 1895.

The order of November sixteenth was not originally made in the pending proceeding for the judicial settlement of the accounts of the executors, but it was afterward resettled so as to show that it was made in that proceeding, and was so entitled *nunc pro tunc.*

*Held,* that it was not necessary that a new citation should be issued in order to legalize the order;

That the pendency of the proceeding for an accounting enabled the Surrogate's Court to direct the original accounting to be completed, so far as practicable, by the filing of further accounts;

That the appearance of the appellant was sufficient to confer jurisdiction of his person in the absence of alleged facts showing a want of jurisdiction; and that, although he was a non-resident, it would be presumed that the service of the citation upon him was made in the county of the surrogate;

That it was not an objection to an order compelling him to file a supplemental account, that the executor as such and as a legatee under the will, had commenced an action in the Supreme Court for an accounting in reference to the estate, as the remedy by action was not exclusive, but was concurrent only, with that for an accounting in the Surrogate's Court.

APPEAL by Oliver M. Arkenburgh, as executor, etc., of Robert H. Arkenburgh, deceased, from an order of the Surrogate's Court of the county of Rockland, bearing date the 13th day of April, 1896, and entered in said Surrogate's Court, revoking the letters testamentary issued to him, with notice of an intention to bring up for review upon such appeal two orders of the Surrogate's Court, made November 16, 1895, and January 11, 1896, and entered in said Surrogate's Court upon which said first-mentioned order is based.

The will of the testator was admitted to probate and letters testamentary were issued September 25, 1890. In October, 1893, proceedings for the judicial settlement of the accounts of the executors were instituted, and the accounts filed in such proceedings were brought down to and including January 4, 1894. A decree was made by the surrogate therein as of December 12, 1895, and entered on the thirtieth day of that month.

Upon the petition of a legatee, showing occasion for it, an order was made by the surrogate requiring the executors to show cause on the 16th day of November, 1895, why they should not render a supplemental account from and after January 4, 1894, and on that day the surrogate made an order granting the prayer of the petition, and ordered the executors to file such account on or before November 30, 1895. That was not done by the appellant. This order was entered December 13, 1895. By an order to show cause, the motion of the appellant, as executor, to vacate the order of November 16, 1895, was heard and denied by order to that effect, made January 11, 1896. Upon the petition of a devisee and legatee of the will, a citation was issued March 6, 1896, directed to the appellant, as executor, requiring him to show cause why the letters testamentary issued to him should not be revoked. He filed an answer. The matter afterwards came to a hearing upon the petition and answer, and on April 13, 1896, an order was made by the Surrogate's Court to the effect that such letters be revoked unless the executor filed such supplemental account within ten days after service of the order. The appeal was taken from this order in July, 1896.

*Frederick M. Evarts*, for the appellant.

*Charles Edward Souther* and *John Larkin*, for the respondents.

BRADLEY, J.:

The first question requiring consideration is whether the appellant was brought within the provision of the statute which provides that, on a petition, etc., praying for a decree revoking letters, the executor may be cited to show cause why a decree should not be made accordingly " where he has willfully refused, or, without good cause, neglected to obey any lawful direction of the surrogate contained in a decree or order, or any provision of law relating to the discharge of his duty." (Code Civ. Proc. § 2685, subd. 3.) By order made November 16, 1895, pursuant to an order to show cause, founded upon petition of a legatee, the Surrogate's Court directed that the executors file a supplemental account on or before November 30, 1895. This order was not actually entered until the thirteenth day of December following, and a copy of it was on that day served

on the appellant's attorney. As the time of the entry and service of the order was subsequent to that designated for filing the supplemental account, it is insisted that the order was not effectual as a direction to the appellant for such purpose. This contention would be well founded if he had not appeared by counsel at the time the motion was heard and orally stipulated in open court to file such supplemental account on or before the thirtieth day of the month. It also appears by the affidavit of such counsel that thereupon the surrogate directed that such account be filed on or before that day. As this was an order made in open court, with the knowledge and consent of the party represented by counsel, the entry or service of it was not essential to give it the effect of a lawful direction of the surrogate to him. The entries and records of the proceedings are supposed to be kept by the clerk of the Surrogate's Court the same as are those of other courts of record. Orders when made are deemed in his custody for entry and, in legal contemplation, are entered as of the time they are made by the court. A different view may be taken of an order made by a judge out of court for the purposes of basing further proceedings upon it. Hence the entry of an order is essential to an appeal when the order is made by a judge out of court. (Id. § 1304.) This order, not expressly appearing in the outset to have been made in the then pending proceeding for the judicial settlement of the accounts of the executors, was afterwards so resettled as to show that it was made in such proceeding, and the order was so entitled *nunc pro tunc.* The default of the appellant was in his failure to file his supplemental account within the time prescribed by the order. It is urged on the part of the appellant that the filing of a supplemental account could not be lawfully directed without the institution of a new proceeding by citation. That may have been so if the proceeding for the accounting had not then been a pending one. Its pendency enabled the Surrogate's Court to direct that accounting be completed so far as practicable by filing further accounts. This is an inherent power incident to the proceeding for a judicial settlement of the accounts of executors and administrators, and it may be required without the aid of a citation, although, if essential to recall attention of any of the parties interested to the matter, for the complete disposition of the further account, a citation may, and of course will be, issued for such pur-

pose.  But, as the direction to file the supplemental account was made in a pending proceeding, the rule that a citation is requisite to the commencement of one in that court was not essentially applicable for the support of the direction given to file such account.  It is true that the proceeding had apparently been terminated by decree at the time the citation of March 6, 1896, was issued upon the petition of the legatee and devisee for the appellant to show cause why the letters issued to him should not be revoked.  The court, nevertheless, by the order made the revocation dependent upon his failure to file the supplemental account within ten days after he should be served with the order.  As the citation was issued to him alone, it evidently was not intended that a new proceeding was thereby instituted, but that it was founded solely upon his willful refusal or neglect to obey the direction given by the order of November 16, 1895.  The practically useful effect to be realized from the filing then of such account was to result either from the opening of the old proceeding or from thereafter instituting a new one.  This, however, may not be important, since the proceeding upon which the order is founded was pending when the unobserved direction by order of the Surrogate's Court was given and disobeyed.

The appellant, as executor, appeared pursuant to such citation, and by his answer alleged matters upon which it is insisted in his behalf that he was entitled to have a trial and decision, and, therefore, that it was error for the court to make the order which was made on the petition and answer.  It would be so if any of the facts alleged in the answer, taken as true, would defeat the prayer of the petition.  The appearance of the appellant was sufficient to confer jurisdiction of his person, and was effectual as such unless qualified by facts alleged showing a want of it.  He alleges in his answer no facts tending to show any want of jurisdiction in that respect.  It is not alleged in his answer, nor does it appear, when or where the citation was served upon him.  It cannot be assumed that the service was made outside the county of Rockland.  Although a nonresident of the State, he may, for aught that appears, have been served in that county.  The circumstances attending the making of the order of November 16, 1895, have already been stated.  The appellant does not allege any want of authority of the counsel, who did so, to appear for him when that order was made.  In the view

taken the criticism of the service of it on December thirteenth has no essential bearing upon the question of the validity of the order, or upon its effect as a direction to the appellant, and to charge him with the duty of obeying it in that respect.   He further alleges that, as executor and as a legatee under the will, he, in December 1896, commenced an action in the Supreme Court against the executrix and others interested in the estate for an accounting and for other relief, which action was still pending.   The remedy by action is not exclusive, but concurrent only with that for an accounting in the Surrogate's Court, so far as it may be within the jurisdiction of the latter court to accomplish it.   For the purposes of the question here it is not necessary to inquire whether the action may serve any legitimate purpose not within the power of the Surrogate's Court in the matter of an accounting.   None of the facts alleged in the answer, taken as true, could be treated as injunctively or definitely effectual against the purpose sought by the petition, and, therefore, the Surrogate's Court was permitted, for want of cause shown to the contrary, to make the order which followed.

Nor is it seen that, in view of the reason for the order and its purpose, any legal interruption to the making of it arose from the appeal which had been taken by two of the legatees of the will from certain provisions of the surrogate's decree.

There is now no less occasion to permit the executor to file the supplemental account than existed at the time the order following the citation of March 6, 1896, was made.

The order of April 13, 1896, should be so modified as to extend the time for filing the supplemental account ten days from the time of service hereafter to be made of the order, and as so modified affirmed.   Let the matter be remitted to the Surrogate's Court to proceed therein.

All concurred.

Order modified, so as to extend the time to file the supplemental account ten days after service hereafter to be made on the attorney of the appellant, and order, as so modified, affirmed, with ten dollars costs and disbursements, to be paid by appellant, and the proceeding remitted to the Surrogate's Court to proceed therein.